**Charles Ray BLAKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63264.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 16, 1982.

Patrick J. Glynn, Dallas, for appellant.

Henry Wade, Dist. Atty. & Ronald D. Hinds, Mike Gillett & Mike Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, CLINTON and TEAGUE, JJ.

### OPINION

ONION, Judge.

This is an appeal from a burglary of a building, where the punishment, enhanced

---

by allegation and proof of a prior felony conviction, was assessed at thirty (30) years.

The sufficiency of the evidence is not challenged. In his sole ground of error appellant argues that the evidence introduced at the penalty stage of the trial to support the allegation of a prior felony conviction was insufficient to support the judgment.

At the penalty stage of the trial the State offered a fingerprint expert who testified that known prints of the appellant were identical with the fingerprints in a pen packet (State's Exhibit No. 4) relating to the alleged prior conviction. Appellant objected to the introduction of the pen packet because it included the "judgment and sentence" of a Dallas County district court and was certified to by Billy R. Ware, Record Clerk of the Texas Department of Corrections, not the official custodian of the "judgment and sentence." Appellant argues that such documents are not official documents maintained by the Department of Corrections and could not be properly certified to so as to be admissible under Article 3731a, V.A.C.S., by the said Billy R. Ware. Appellant contends the judgment and sentence in the prior felony conviction could only be certified to by the district clerk in the county where the conviction occurred.

It is common knowledge that the Department of Corrections does not admit convicted defendants without certified copies of a judgment and a sentence duly certified to by the district clerk where the conviction was obtained and they then become part of the inmate's official record at the Department of Corrections.

The "judgment and sentence" in the pen packet, introduced over appellant's objection, was certified to by the district clerk as well as by Billy Ware. Since they were certified to by the district clerk, such documents were admissible under Article 3731a, supra, independent of the pen packet and its certification by the said record clerk. See and cf. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980).

In addition, since the prior felony conviction occurred in Dallas County, the prosecutor, ever so careful, called a Dallas County deputy district clerk, a custodian of the records, and re-offered the official records of the district clerk of the judgment and sentence from the prior conviction alleged.

There is absolutely no merit to appellant's contention.

The judgment is affirmed.