**Danny Marx DINGLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0285–87.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

Hunter B. Brush, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Ann M. Monaco, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

We granted the State Prosecuting Attorney and District Attorney petitions to review whether the Court of Appeals misconstrued *Todd v. State*, 598 S.W.2d 286 (Tex. Cr.App.1980), in holding that the pen packets had not been properly certified and authenticated under the provisions of Art. 3731a, § 4, V.A.C.S., by the custodian of the records of the Department of Corrections since the copies of the judgments in the pen packets did not reflect whether the certification by the District Clerk appears

on the originals. *See Dingler v. State,* 723 S.W.2d 806 (Tex.App.—Tyler, 1987).

Appellant was convicted in a bench trial of the unauthorized use of a motor vehicle, after pleading guilty. V.T.C.A., Penal Code § 31.07. The indictment charging appellant with "unauthorized use of a motor vehicle also alleged three prior felony convictions for the purpose of enhancing punishment pursuant to V.T.C.A. Penal Code, § 12.42(c) and (d). State's exhibit number one contains a copy of the judgment and sentence in Cause No. B–8581 on the docket of the 161st District Court of Ector County, styled The State of Texas v. Danny M. Dingler, showing a conviction of the named defendant of "unlawful delivery of a controlled substance, namely, methamphetamine."

State's exhibit number two contains copies of the judgments and sentences in Cause No. B–5691 on the docket of the 161st District Court of Ector County, styled the State of Texas v. Danny Marx Dingler, showing the named defendant was convicted of "passing as true a false and forged instrument in writing" and Cause No. A–5956 on the docket of the 70th District Court of Ector County, styled the State of Texas v. Danny Marx Dingler, showing that the named defendant was convicted on May 8, 1972, of "theft of corporeal personal property over the value of $50.00." The trial court found cause numbers B–8581 and A–5956 true yet only used cause number A–5956 as enhancement in assessing punishment at fifteen (15) years and one day imprisonment. As the appeals court points out, the record reflects a great deal of confusion was generated at sentencing due to the oral pronouncement by the trial judge that he was only using "Count two" (A–5956) as enhancement.

The appeals court consequently reversed the conviction and remanded the case to the trial court for a new punishment hearing.

The records in both exhibits were duly attested by S.O. Woods, Jr., certified to be the records clerk of the Texas Department of Corrections (TDC) by Ralph A. Davis, Jr., County Judge of Walker County, Texas, as required by Art. 3731a, V.A.C.S.[1] However, the copies of the judgments in the pen packets do not reflect that the "original" copies received by the Texas Department of Corrections were certified by the Ector County District Clerk or one of his deputies. The copies of the *sentences* in the pen packets do reflect on their face that TDC's "original" copies of the sentences bear the attestation of the District Clerk of Ector County. Cases applying Art. 3731a require that the judgment and sentence *both* be properly certified. We note that the instant situation should no longer occur now that sentences and judgments are combined into one document.

We have considered the issues raised in the case and the Court of Appeals' disposition of those issues. Now, it appears that the decision to grant discretionary review was improvident; therefore, the State's petitions for discretionary review are hereby dismissed pursuant to Tex.R.App.P. Rule 202(k).[2]

IT IS SO ORDERED.

TEAGUE and WHITE, JJ., concur in the result.

1. *See now* Rule 902, Tex.R.Crim.Evid.; Act of June 21, 1951, ch. 471, 1951 Tex.Gen.Laws 830, 831–832, amended several times and last amended before repeal by the Act of May 20, 1975, ch. 280, § 1, 1975 Tex.Gen.Laws 666–667, repealed by Tex.R.Crim.Evid. effective September 1, 1986, hereafter referred to as Art. 3731a.

2. The dissent relies on *Blakes v. State,* 634 S.W. 2d 319 (Tex.Cr.App.1982) for the recognized presumption that the Texas Department of Corrections does not admit inmates without certified copies of judgment *and* sentence, without giving equal recognition that the presumption is rebut-table by a showing by the defendant that the documents necessary to support the presumption are indeed lacking in facial validity. We also draw the reader's attention to the fact that in *Blakes,* supra, the "presumption" was supported by other evidence. The judgment and sentence in that case were certified to by the District Clerk; therefore, they were admissible independent of the pen packet and its certification by TDC's records clerk. Further, in the *Blakes* case, since the prior felony conviction occurred in Dallas County, the Dallas County Deputy District Clerk, a custodian of the records, re-offered the official records of the

McCORMICK, Presiding Judge, dissenting.

"It is common knowledge that the Department of Corrections does not admit convicted defendants without certified copies of a judgment and a sentence duly certified to by the district clerk where the conviction was obtained and they then become part of the inmate's official record at the Department of Corrections." *Blakes v. State*, 634 S.W.2d 319 (Tex.Cr.App.1982).

Since the issue presented here is not the admission of the judgments or sentences, but instead concerns the admissibility of "pen packets," I must dissent. The rule set forth in *Blakes*, supra, has been followed without question until today. The majority should at least consider *Blakes* and pay it a proper farewell.

Without elongating this dissent, I merely refer the majority to the following cases which, under circumstances like those present in the instant cause, the rule of *Blakes* has been followed: *Garza v. State*, 705 S.W.2d 818 (Tex.App.—San Antonio, 1986); *Chesteen v. State*, 712 S.W.2d 553 (Tex.App.—Houston [1st Dist.], 1986); and *Johnson v. State*, 720 S.W.2d 877 (Tex. App.—Texarkana, 1986). See also: *Grogan v. State*, 713 S.W.2d 705 (Tex.App.— Dallas, 1986); *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980); *Thornton v. State*, 576 S.W.2d 407 (Tex.Cr.App.1979); and *Jones v. State*, 449 S.W.2d 277 (Tex.Cr. App.1970).

Such departure from settled precedent by the majority requires me to respectfully dissent.

District Clerk of the judgment and sentence from the prior conviction alleged. We have no

such evidence in the instant case.