The STATE of Texas, Appellee,

v.

Melvin Earl HANDSBUR,[1] Appellant.

No. 803–90.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 25, 1991.

Renie McClellan, Cedar Hill (on appeal only), for appellant.

John Vance, Dist. Atty. and Kathleen A. Walsh, Robert Dark and Heidi Akins, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

In 1988, appellant was convicted by a jury of burglary of a habitation and the trial court assessed punishment, enhanced by two prior convictions, at thirty years confinement in the Texas Department of Corrections.[2] The court of appeals reversed the judgment of conviction and remanded the case for a new hearing on punishment. *Handspur v. State,* 792 S.W.2d 239 (Tex.App.—Dallas 1990). We granted the State's petition for discretionary review to determine whether the court of appeals erred in holding that the penitentiary packets admitted during the punishment hearing were not properly authenticated under Tex.R.Crim.Evid. 901 and 902.

In his sole ground for review on appeal, appellant alleged that the trial court erred in overruling his objection to admission of

1. The correct name of appellant is Melvin Earl Handsbur, but was inadvertently transposed in the opinion of the Dallas Court of Appeals. *Handspur v. State,* 792 S.W.2d 239 (Tex.App.–Dallas 1990).

2. Now the Texas Department of Criminal Justice, Institutional Division (hereinafter referred to as TDCJID).

"pen packets" from TDCJID which contained copies of the judgments and sentences for appellant's previous convictions used for enhancement purposes. Appellant argued that the copies were inadmissible because, although they were certified by the custodian of records at the TDCJID, they did not reflect a separate certification by the district clerk of the original convicting court. Relying on this Court's opinion in *Dingler v. State*, 768 S.W.2d 305 (Tex. Cr.App.1989) and, on this Court's original opinion in *Reed v. State*, 811 S.W.2d 582 (Tex.Cr.App.1990), the court of appeals held that it was error for the trial court to have admitted the pen packets as they were not properly authenticated.

■ Since the court of appeals handed down its decision, this Court has resolved the issue adversely to appellant in its opinion on the State's motion for rehearing in *Reed v. State*, supra. This Court expressly overruled *Dingler*, and held that the TDCJID record clerk's certification of pen packet copies of the judgment and sentence constitutes proper authentication in accordance with Tex.R.Crim.Evid. 902(4). *Reed v. State*, supra, at 584 and 7. Further, the TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes sufficient extrinsic evidence that the copies are authentic under Tex.R.Crim.Evid. 901. *Id.* at 587. Therefore, there is no need for a separate certification by the district clerk of the original trial court in order for the pen packet to be admissible.

■ During the punishment phase of appellant's trial, the State offered into evidence pen packets which included judgments, sentences, fingerprints, and photographs of appellant. The State also offered the testimony of a fingerprint expert who stated that the known fingerprints of appellant were identical to those in the pen packets. In each of the packets, S.O. Woods, Jr., certified that he was the Record Clerk of the Texas Department of Corrections in charge of maintaining legal custody of the original files and records of persons committed to TDCJID. This is authenticated by Hon. Frank J. Robinson, County Judge of Walker County, and in turn authenticated by James D. Patton, Clerk of the County Court of Walker County, given under the seal of said court.

Appellant did not challenge the validity of the prior convictions or claim a lack of connection to the same. Appellant's only contention is that since the judgments and sentences in the packets were not certified by the district clerk, there was a lack of self-authentication, and they were not admissible into evidence in absence of a proper predicate. As discussed above, *Dingler* is no longer the law and a proper certification by the custodian of records at a State correctional institution is sufficient authentication under both Tex.R.Crim.Evid. 901 and 902(4) for the admission of a copy of a prior conviction contained in that institution's files.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.