**Bobby James GANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00328–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1991.

Rosemary Garza, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Alan Curry, David Pendleton, Asst. Harris County Dist. Attys., for appellee.

## OPINION

COHEN, Justice.

A jury convicted appellant of burglary of a building, and assessed punishment at life imprisonment.

In five points of error, appellant complains he received ineffective assistance of counsel at the punishment stage of his trial. He asserts his counsel should have objected to the introduction of copies of district court judgments that were not certified by the convicting court, but were contained in appellant's pen packets.

■ Appellant relies upon the rule in *Dingler* that held the clerk of a convicting court, not the custodian of the records at the Texas Department of Criminal Justice, Institutional Division, must certify the judgment and sentence. *Dingler v. State,* 768 S.W.2d 305, 306 (Tex.Crim.App.1989); *see also Reed v. State,* 785 S.W.2d 412, 414 (Tex.App.—Dallas 1990), reversed, 811 S.W.2d 582 (Tex.Crim.App., 1991) (motion on reh'g granted Feb. 27, 1991) (*Reed* I); *Rodasti v. State,* 790 S.W.2d 379 (Tex. App.—Houston [1st Dist.] 1990), *vacated by,* 815 S.W.2d 591 (Tex.Crim.App.1991) (to be reconsidered in light of *Reed*).

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052,

2068, 80 L.Ed.2d 674 (1984), an appellant must show that:

1) counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment; and

2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.

The issue here is whether counsel was ineffective in failing to object to the judgments in the pen packet. Appellant's trial was held in April of 1990. *Dingler* was delivered in April of 1989, a year earlier. Despite the rule in *Dingler,* appellant's counsel never objected to the judgments that were not certified by the clerk of the convicting court. Appellant contends counsel's failure to object could not have been trial strategy because had he objected, the trial judge would have sustained the objection pursuant to the then good law of *Dingler.* Consequently, the jury should have heard of only three convictions for burglaries of buildings, the last being in 1965, 24 years before this trial. The sentences for these three property crimes ranged from two to four years. Instead, the jury heard of four additional convictions, including two building burglary convictions in 1986, a forgery conviction in 1985, and an aggravated robbery conviction in 1974.

The State contends that if appellant's trial attorney had timely objected, the mistakes would have been corrected during trial, and appellant would have no complaint on appeal.[1]

In determining ineffective assistance of counsel claims, we consider the totality of the attorney's representation, including pretrial proceedings, the guilt/innocence phase, and the punishment phase representation. *Ex parte Walker,* 777 S.W.2d 427, 431 (Tex.Crim.App.1989). Nevertheless, a single error may be so substantial that it causes the attorney's assistance to fall below the standard set forth in the sixth amendment. *Nero v. Blackburn,* 597 F.2d

991, 994 (5th Cir.1979). This Court has held that to ignore a single grievous error, while granting relief in cases where cumulative multiple errors reach the same magnitude, "seems contrary to the very reasons that caused the creation of the doctrine of effective assistance of counsel." *Snow v. State,* 697 S.W.2d 663, 667 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).

■ This Court encountered a similar problem in *Cooper v. State,* 769 S.W.2d 301 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). In *Cooper,* we held counsel was ineffective at the punishment phase of trial. The harder issue was to determine the proper remedy, given that the law in effect at trial changed while the case was pending on appeal. The law in effect at trial would have given Cooper a new trial on both guilt and punishment. The new statute gave Cooper only a new punishment hearing. Cooper contended the new law did not apply because it took effect after his trial. *Id.* at 305–306. In determining the new law applied to trials before its effective date, we held the new statute was procedural in nature; thus, applying it to a defendant tried before its effective date did not make it an ex post facto law because it did not punish an act that was innocent when done, did not increase punishment for a crime after its commission, and did not abolish any defense to crime or lessen the State's burden of proof. *Id.* at 306 (citing *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977)). A procedural change is not ex post facto, even though it may work to a defendant's disadvantage. *Id.* (quoting *Dobbert,* 432 U.S. at 293, 97 S.Ct. at 2298). See also *Ex parte Roper,* 61 Tex.Crim 68, 134 S.W. 334, 339 (1911).

On May 15, 1991, the Court of Criminal Appeals withdrew the opinion of *Reed I,* and held, instead, that copies of judgments certified by the Department of Criminal Justice records custodian are admissible. *Reed v. State,* 811 S.W.2d 582, 583 (Tex. Crim.App.1991) (*Reed II*); TEX.R.CRIM.EVID.

---

1. This is doubtful, given that four of these judgments were from McLennan County. They could not have been corrected without action by

the district clerk of that county, which may have required a continuance during trial, something the trial court may have refused to order.

902(2), (4). *Reed II* expressly overruled *Dingler. Id.* at 584.

The decision in *Reed II* makes these points of error moot because there is no relief we can give appellant, even if his counsel was ineffective. This is because the evidence that counsel should have objected to at trial would now be admissible at a new punishment hearing. The change in the law makes counsel's errors harmless because a second jury would hear the same evidence the first jury heard.

Points of error one through five are overruled, and the judgment is affirmed.

TREVATHAN, C.J., and O'CONNOR, J., also participating.