IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-269-CR





JOHNNIE WALKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 83,075, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM


 On July 30, 1986, appellant was convicted by a jury of forgery by possession. (1) 
The jury assessed punishment, enhanced, at sixty years' confinement. The trial court sentenced
appellant accordingly. On June 15, 1988, this court affirmed the conviction. On September 21,
1988, we granted appellant's motion for rehearing, withdrew our original opinion and judgment,
affirmed the judgment of conviction as to guilt, reversed the judgment as to punishment, and
remanded the cause for a new trial in accordance with 1987 Tex. Gen. Laws, ch. 179, § 1, at
1387 (Tex. Code Crim. Proc. Ann. art. 44.29(b), since amended). On September 14, 1990, a jury found the enhancement allegations true and assessed appellant's punishment at fifty years'
confinement. The trial court rendered judgment accordingly. This appeal followed. We will
affirm the judgment of conviction.



I. DISCUSSION & AUTHORITIES


 Appellant brings one point of error asserting that the trial court overstepped its
boundaries of impartiality when the judge: (1) advised the prosecutor how to cure the defects in
the pen-packet evidence; and (2) called a recess to allow the prosecutor to cure the defects. 



 A. Standard of Review


 The atmosphere essential to the preservation of a fair trial must be maintained at
all costs. Estes v. Texas, 381 U.S. 532, 540 (1965); Taylor v. State, 420 S.W.2d 601, 607 (Tex.
Crim. App. 1967). It is the duty of the trial court to conduct itself so as to ensure that the accused
receives a fair trial. Tex. Code Crim. Proc. Ann. art. 2.03(b) (1977); see also Supreme Court
of Texas, Code of Judicial Conduct, Canon 2, pt. A (1988). In an appeal of this nature, it is the
fundamental purpose of this court to ascertain whether the convicted defendant received a fair trial
in the court below. Bethany v. State, 814 S.W.2d 455, 456 (Tex. App. 1991, no pet). In making
this determination, any indication of prejudice or opinion of guilt on the part of the trial judge
requires close scrutiny of his actions. Id.



 B. Background 


 The conduct complained of occurred when the State offered into evidence its
exhibits 6, 7, 8, and 9. The exhibits are pen-packet evidence of appellant's prior convictions,
offered for the purpose of enhancement. Appellant's trial counsel informed the court that he had
extensive objections to the pen-packet evidence. Outside the presence of the jury, the court heard
appellant's objections. Appellant asserts that in the course of this hearing: (1) the trial court's
actions and rulings aided the State in proving up the prior convictions; (2) the trial court's rulings
caused the prosecutor to realize that she needed to obtain further documentation in order to cure
the defects in the pen packets; and (3) the trial court's action of delaying the trial gave the State
sufficient time to remedy the defects which had been pointed out by defense counsel in his
objections.



C. Point of Error Not Properly Raised


 At the outset we note that a point of error must direct the attention of the appellate
court to the error about which complaint is made. Tex. R. App. P. Ann. 74(d) (Supp. 1991). 
In his brief, appellant cites to an eighteen-page excerpt in the record to support his allegation of
judicial impropriety. Appellant does not identify the specific rulings or actions alleged to
constitute error. Mere reference to pages in the record does not sufficiently identify the
complained of actions or rulings of the court and does not constitute a point of error. Thiel v.
State, 676 S.W.2d 593, 595 (Tex. Crim. App. 1984).



D. Error Waived As To Trial Court's Improper Remarks


 Nevertheless, we have reviewed the lengthy excerpt of the hearing. It is true that,
outside the presence of the jury, the trial judge told the prosecutor how to cure defects in one of
the pen packets. Appellant's trial counsel had objected to State's exhibit 8, which contained
judgments and sentences for convictions in Travis County cause numbers 66,863 and 61,303. 
Appellant objected to the lack of certification of these documents. (2) The court responded: "These
are Travis County. You can run right over there and get them signed right now by the clerk." 
Later, in response to a comment by appellant that "They [the documents] weren't certified the first
time. How can they certify them now?", the court responded, "We just need to get them
certified." (Emphasis added.) 

 Appellant failed to object to these comments or to any other comments made by the
trial judge during the hearing. Nothing is presented for review. Tex. R. App. P. Ann. 52(a)
(Supp. 1991).



E. No Showing of Harm As A Result of Trial Court's


Improper Remarks
 

 If the trial court's remarks were improper, there is no evidence that the remarks
harmed appellant. Tex. R. App. P. 81(b)(2) (Supp. 1991). The judge's statements were made
outside the presence of the jury. 

 Additionally, appellant's attorney, not the trial court, alerted the prosecutor to the
pen-packet certification defects. One reason for requiring a specific objection at trial is to allow
opposing counsel an opportunity to remove the defect or supply additional testimony. Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Consequently, a ruling sustaining
appellant's Dingler objection to the State's exhibit 8 is not harmful simply because it caused the
prosecutor to realize that she needed to obtain further documentation in order to cure the defects.



 F. Trial Court's Decision To Recess Was Not Error


 Appellant also asserts that the trial court overstepped the boundaries of impartiality
when it recessed the trial so that the prosecutor could cure the defects in the pen- packets. After
hearing appellant's objections to the pen-packet exhibits, the trial court informed the State it did
not have to proffer its exhibits until the next day. The State withdrew its proffer of the exhibits. 
The trial court then refused to rule on their admissibility. There was no objection to the court's
actions. The jury was then called back to the courtroom. The State put on four reputation
witnesses. During a bench conference that followed, both sides indicated they had no further
evidence to put on that day. In response to appellant's request that they finish the trial that day,
the trial court responded that it was not possible to finish the trial that day because the charge
would require several hours to prepare. The trial court elected to recess to begin preparing the
charge and to postpone reconsideration of the pen-packet evidence until the next day. Appellant
failed to object to the recess and error, if any, was waived. Tex. R. App. P. Ann. 52(a) (Supp.
1991). 

 Furthermore, that the State benefited from the court's decision to postpone further
consideration of the pen-packet exhibits and to recess is of no moment. The power to regulate
and control the order in which evidence is introduced is within the discretion of the trial court,
as is the granting of a recess. Laws v. State, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977), 
Williams v. State, 481 S.W.2d 119, 123 (Tex. Crim. App. 1972). We find no evidence in the
record that the trial court abused its discretion. Appellant's point of error is overruled.

 The judgment of conviction is affirmed.



[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: February 5, 1992

[Do Not Publish]

1. [1]  Tex. Penal Code Ann. § 32.21(a)(1)(C) (1989).
2. [2]  See Dingler v. State, 768 S.W.2d 305 (Tex. Crim. App. 1989) (pen-packet judgment
certified by Texas Department of Corrections records clerk must also reflect that original copies
of judgment received by TDC were certified by court clerk). Dingler has since been overruled
in Reed v. State, 811 S.W.2d 582, 584 (Tex. Crim. App. 1991) (Texas Department of Criminal
Justice, Institutional Division record clerk's certification of pen-packet copies of the judgment and
sentence now constitutes proper authentication).