**Bobby James GANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1378–91.**

Court of Criminal Appeals of Texas, En Banc.

March 11, 1992.

Dissenting Opinion May 27, 1992.

Rosemary Garza (on appeal only) Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry and David Pendleton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

A jury convicted appellant of burglary of a building and assessed punishment at confinement for life after finding appellant was a habitual offender. The Court of Appeals affirmed the conviction, *Gann v. State,* 818 S.W.2d 69 (Tex.App.—Hou.[1st]

---

1990), finding that even if counsel's failure to object to evidence admitted at the punishment phase constituted ineffective assistance of counsel, such ineffectiveness was harmless because the same evidence would be admissible at a retrial pursuant to a change in the evidentiary rules.

Appellant raises four grounds for review, and the State raises one ground in a cross-petition. After careful review we refuse both petitions for review. However, as is true in every case in which discretionary review is refused, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). With this understanding, we refuse both appellant's and the State's petitions for discretionary review.

## DISSENTING OPINION TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

On direct appeal, appellant raised five points of error contending he received ineffective assistance of counsel at the punishment stage of his trial. The Court of Appeals addressed appellant's points of error under the standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and affirmed. *Gann v. State*, 818 S.W.2d 69 (Tex.App.–Houston [1st Dist.] 1991). However, the *Strickland* standard is *not* the proper standard to gauge the effectiveness of counsel at the punishment stage of a non-capital trial. As we held in *Craig v. State*, 825 S.W.2d 128 (Tex.Cr.App.1992), the standard announced in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), is utilized when analyzing the effectiveness of counsel during the punishment phase of non-capital trials.

In *Craig*, we remanded the case to the Court of Appeals with instructions to reconsider the defendant's claims of ineffective assistance of counsel in light of *Ex parte Duffy*. To be consistent we should summarily grant appellant's petition for discretionary review and remand this cause to the Court of Appeals to address appellant's points of error in light of *Ex parte Duffy*.

With these comments, I respectfully dissent.