IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-449-CR





HAYDEN CAMPBELL WOODS, a/k/a VERNIE LEROY LAYTON, 


a/k/a JOHN LAYTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 33,653, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





 A jury found appellant guilty of the offense of sexual assault, Tex. Penal Code §
22.011 (West Supp. 1993), on July 17, 1985. When appellant failed to appear on July 31, 1985,
the date set for the punishment hearing, the court proceeded with the hearing and assessed
punishment, enhanced by prior felony convictions, at confinement for thirty years. Appellant was
not apprehended and returned to the court for formal sentencing until July 23, 1992.

 In his first three points of error, appellant asserts that this Court should not
consider State's substituted exhibits 19-a and 20-a because: (1) appellant did not agree to the
substitution; (2) both exhibits are photo copies and not certified as true copies of appellant's
alleged pen packets; and (3) no custodian of the pen packets testified that the exhibits were true
copies of the originals. In his fourth point of error, appellant contends this Court should not
consider State's exhibit 20-a because the judgment and sentence therein are not properly certified by the clerk of the purported convicting court. We overrule appellant's points of error and affirm
the judgment of the trial court.

 Appellant's points of error are directed to the court's action in allowing the
substitution of copies of pen packets for lost copies of exhibits introduced at the punishment phase
of the trial in 1985 reflecting alleged prior felony convictions of appellant in Missouri and
Oklahoma. After formal sentencing in 1992, the court reporter certified that these exhibits had
been lost. Pursuant to a motion filed by the State, a hearing was held in which the trial court
ruled that copies of the pen packets could be substituted for the record prepared for appellant's
appeal. See Tex. R. App. P. 50(e).

 The statement of facts from the original trial reflects that the pen packet relative
to the Missouri conviction contained a photograph and physical description of a person identified
as appellant. In addition, the packet contained a certified transcript, judgment and sentence, an
authentication certificate from the State of Missouri in Cause No. 221,797 in the Circuit Court
of St. Louis County on May 27, 1958, for the offense of assault with intent to rob. The record
further reflects that Temple Police Officer Wilroy Pitrucha identified the fingerprints in the pen
packet as being the fingerprints of appellant.

 The statement of facts from the 1985 trial also reflects that a pen packet was
introduced that contained "commitment report, identification materials, judgment, authentication
certificate for the conviction of Hayden Campbell Woods in the 14th Judicial District Court of
Tulsa County, Oklahoma, Number 15,632, conviction being had on the 11th day of February
A.D. 1954, for the felony offense of grand larceny." Officer Pitrucha testified that the
fingerprints in the pen packet were those of appellant.

 At the guilt-innocence stage of the trial in 1985, appellant admitted all of the details
relative to his Missouri and Oklahoma convictions except for the lack of knowledge of cause
numbers. The details related by appellant correspond with the information shown in the
substituted exhibits.

 At the hearing to substitute the record, pen packets from the permanent records
kept in the district attorney's office, and identified as copies of those admitted in evidence at
appellant's 1985 trial, were offered as substitutions for the lost exhibits. Officer Pitrucha testified
that he was qualified and testified as a fingerprint expert in appellant's 1985 trial. Pitrucha
compared fingerprints taken from appellant in 1985 with fingerprints taken from appellant prior
to the hearing to substitute the record and found them to be made by the same person. After
comparing these fingerprints with those appearing on the substituted pen packets, Pitrucha testified
they were fingerprints of the same person.

 In his first point of error, appellant asserts that the exhibits should not be
considered as part of the record because he did not agree to the substitution as required by Rule
50(e). The rule provides:



When the record or any portion thereof is lost or destroyed it may be substituted
in the trial court and when so substituted the record may be prepared and
transmitted to the appellate court as in other cases. If the appellant has made a
timely request for a statement of facts, but the court reporter's notes and records
have been lost or destroyed without appellant's fault, the appellant is entitled to a
new trial unless the parties agree on a statement of facts.



Tex. R. App. P. 50(e). The documents substituted were for a lost portion of the record other than
the statement of facts. See Mead v. State, 759 S.W.2d 437, 443 (Tex. App.--Fort Worth 1988),
rev'd on other grounds, 819 S.W.2d 869 (Tex. Crim. App. 1991). The appellant's approval is
not a prerequisite for the trial court's substitution of a lost exhibit under Rule 50(e). See Mader
v. State, 807 S.W.2d 439 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Appellant's first
point of error is overruled.

 In points of error two and three, combined by appellant for discussion, complaint
is made of the failure of the photo copies of the pen packets to be established as true copies of
appellant's purported pen packets either by certification or testimony of the custodian of the
original pen packets. The substituted copies contain the certification from the proper officer on
the photo copies of the pen packets containing judgments, sentences, fingerprints and photographs. 
We find these substituted records coupled, with the testimony from the original trial and the
hearing to substitute the record, sufficient to establish their authenticity. See Harris v. State, 638
S.W.2d 914, 920 (Tex. App.--Houston [1st Dist.] 1982, pet. ref'd). Appellant's second and third
points of error are overruled.

 In his fourth point of error, appellant asserts that the Oklahoma conviction cannot
be considered because the judgment and sentence appearing in the substituted exhibit are not
properly certified by the clerk of the alleged convicting court. Appellant contends that the rule
in effect at the time of this conviction is reflected by Dingler v. State, 768 S.W.2d 305, 306 (Tex.
Crim. App. 1989). In Dingler, the court held that the clerk of the convicting court, not the
custodian of the records at the Department of Corrections, must certify the records.

 Reed v. State, 811 S.W.2d 582, 584 (Tex. Crim. App. 1991), overruled Dingler,
noting that the courts had continued to follow the cases construing Tex. Rev. Civ. Stat. Ann. art.
3731a despite the fact that article 3731a had been repealed by Tex. R. Crim. Evid. 901 and 902. 
The Reed court held that the certification of the record clerk of the Texas Department of Criminal
Justice, Institutional Division (formerly Department of Corrections) sufficiently authenticated the
copies of the conviction under Rules 901 and 902.

 In Gann v. State, 818 S.W.2d 69, 70, 71 (Tex. App.--Houston [1st Dist.] 1991, pet.
ref'd), the court rejected defendant's contention that the rule in Dingler requiring certification of
the clerk of the convicting court to the judgment and sentence was in effect at the time of the prior
conviction relied on for enhancement of punishment. The court held the change in the rule was
procedural and its application to the prior conviction was not ex post facto because the law "did
not punish an act that was innocent when done, did not increase punishment for a crime after its
commission, and did not abolish any defense to crime or lessen the State's burden of proof." A
remand for a new punishment hearing would be of no avail to appellant because the complained-of
evidence would be admissible. Appellant's fourth point of error is overruled.

 The judgment of conviction is affirmed.


 

 Tom G. Davis, Justice

Before Justice Powers, Jones and Davis*

Affirmed

Filed: September 15, 1993

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).