NO. 07-00-0556-CR


NO. 07-00-0557-CR


NO. 07-00-0558-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 4, 2001



______________________________




VINCENT DWIGHT MCCRAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;



NOS. B3255-99-07CR, B3256-99-07-CR, B3257-99-07CR;


 HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In these three companion cases, after a plea of nolo contendere and in pursuance
of a plea bargain, in cause number 07-00-0558-CR, appellant was assessed a punishment
of three years confinement in the Institutional Division of the Department of Criminal
Justice. As an additional part of the plea bargain, the charges in our cause numbers 07-00-0556-CR and 07-00-0557-CR were considered in the assessment of the sentence in
cause number 07-00-0558-CR, and the prosecutions in those two cases were dismissed. 
Even so, appellant has appealed all three of the cases. Finding no reversible error, we
affirm the trial court's judgment in each case.

 In a joint brief, applicable to each case, appointed counsel has certified that after
diligently searching the record, he is convinced there is no reversible error and these
appeals are without merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969).

 With his brief, counsel has filed a motion to withdraw and attached a copy of a letter
to appellant informing him of his request to withdraw and of appellant's right to file briefs
in his own behalf. Upon receipt of counsel's brief and motion, the clerk of this court
notified appellant of his right to respond to the brief and motion, if he desired to do so, and
that he must file such a response or brief not later than June 15, 2001. To date, appellant
has not filed a response, a pro se brief, or a request for extension of time within which to
file a pro se brief.

 In considering requests to withdraw such as this, we face two interrelated tasks. 
We must first satisfy ourselves that the attorney has provided the client with a diligent and
thorough search of the record for any arguable claim that might support the client's appeal. 
Then, we must determine if counsel has correctly concluded the appeal is frivolous. See
McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d
440 (1988), and High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 In his brief, counsel presents one point that might arguably form a basis for appeal;
namely, whether there is legally and factually sufficient evidence of the element of scienter
in the alleged delivery of the controlled substance that gave rise to the prosecution in 07-00-0558-CR. However, in the course of his discussion, counsel points out that the record
shows appellant acknowledged that he understood the charges against him, the range of
punishment applicable to each offense charged, that no one had forced him to enter his
pleas to the offenses and violations charged, and that he understood the plea bargain
when it was gone over with him by the district attorney. Appellant also averred that he was
entering his pleas because he was guilty of the violations and for no other reason. 

 Appellant additionally testified he understood that because of his stipulations of
evidence, the court could find him guilty based solely upon his plea of nolo contendere and
the stipulations of evidence he made. He admitted he knew he had a right to be tried by
a jury and that by signing a waiver of jury trial he was giving up that right. He also
admitted that he understood that if the trial court accepted the plea bargain and set his
punishment at anything equal to or less than the plea bargain agreement, he could not
appeal the case except that he might appeal rulings on pretrial motions if he had filed any
such motions. (1) Appellant's trial attorney testified that, in his opinion, appellant was
competent to stand trial.

 The standards by which we review sufficiency challenges are by now so well
established that it is not necessary to recite them in detail. Suffice it to say that the correct
standard for our review of legal sufficiency challenges is that set out in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), namely, "whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt." Id. at 319. The
standard by which factual sufficiency challenges are measured is that explicated in Clewis
v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996). That is, after viewing all the evidence
without the prism of in the light most favorable to the prosecution, the verdict of the
factfinder is so against the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 129.

 Our examination of the record convinces us that the evidence, coupled with
appellant's plea, is amply sufficient to sustain the trial court's guilt finding. That
examination also establishes that appellant's attorney is entitled to withdraw, and his
motion to do so is granted. Accordingly, appellant's issue is overruled and the judgments
of the trial court are affirmed. 

 John T. Boyd

 Chief Justice

Do not publish.
1. No such pretrial motions appear in the record before us.



his record does not support a
claim that defense counsel informed appellant he would get six months. 

 Viewing appellant's allegation as a challenge to the voluntariness of his plea leads
to the same conclusion. Written admonishments signed by the defendant, and the
reporter's record showing that the defendant orally represented to the court that he
understood the admonitions, constitute a prima facie showing that the plea was voluntary. 
Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Crim.App.1985). A plea is not involuntary
simply because the punishment exceeds what the defendant expected, even if the
expectation is raised by the defendant's attorney. Hinkle v. State, 934 S.W.2d 146, 149
(Tex.App.--San Antonio 1996, pet. ref'd). Significant misinformation by counsel inducing
a guilty plea makes the plea involuntary. See Ex parte Kelly, 676 S.W.2d 132, 134-35
(Tex.Crim.App.1984). But an appellant's claim he was misinformed by counsel, standing
alone, is not enough for an appellate court to hold the plea was involuntary. Fimberg v.
State, 922 S.W.2d 205, 208 (Tex.App.- Houston [1st Dist.] 1996, pet. ref'd). Our duty is
to determine if the record supports a claim that the defendant's plea was the result of
significant misinformation by trial counsel. Flowers v. State, 951 S.W.2d 883, 885
(Tex.App.-San Antonio 1997, no pet.). The relevant portion of the reporter's record
discussed above does not support appellant's claim that he was assured of a six-month
sentence. 

 The second basis for appellant's ineffective assistance claim is that his counsel
failed to research the admissibility of his prior convictions for enhancement purposes and
failed to note that appellant's name was misspelled in the indictment. The admissibility of
appellant's prior convictions will be addressed in our discussion of appellant's third point
below. His complaint that his trial counsel failed to research the indictment and records
of his previous convictions, as evidenced by counsel's failure to correct the misspelling of
appellant's name on the indictment, is not borne out by the record. The record shows that
it was appellant's trial counsel, not appellant, who pointed out to the prosecution that
appellant's name was misspelled. The issue was presented to the trial court at the hearing
by the prosecutor who then amended the indictment to reflect the correct spelling. 

 Appellant's second point assigns error to the admission of appellant's "pen packet"
showing he had a prior conviction for burglary of a vehicle in Potter County in 1991. Citing
Dingler v. State, 768 S.W.2d 305 (Tex.Crim.App. 1989), appellant argues the exhibit
should not have been admitted because the Department of Criminal Justice "does not have
records of certified copies of [the] judgment and sentence." In Dingler, the court held
certification of prior convictions in a pen packet must include a certificate that the original 
bears a certification by the district clerk. Id. at 306. The State argues that appellant's
failure to object waived any error. 

 We agree any error was waived by the failure to make a timely objection. See Tex.
R. App. P. 33.1. There is a second reason this point fails to raise a meritorious issue. The
Court of Criminal Appeals overruled its holding in Dingler in Reed v. State, 811 S.W.2d
582, 584 (Tex.Crim. App. 1991). We find no merit in appellant's second point.

 Appellant's third point complaint is that the trial court acted improperly in considering
convictions more than ten years old to enhance his punishment. In support appellant cites
Ochoa v. State, 481 S.W.2d 847 (Tex.Crim.App. 1972), and Rule of Evidence 609(b). 
Ochoa does not support appellant's position because that opinion considered the use of
a prior misdemeanor conviction for enhancement and impeachment. 481 S.W.2d at 850. 
It was also decided under different statutory provisions than apply to appellant. The use
of prior convictions in punishment is now governed by Section 12.42 of the Penal Code. 
That section does not impose a time limit on the use of prior convictions for the purpose
of enhancing a defendant's punishment. Tex. Pen. Code Ann. §12.42 (Vernon 2003). 

 Rule of Evidence 609(b) governs the use of evidence of prior crimes for purposes
of impeaching a witness's credibility. It is inapplicable to evidence of prior convictions for
the purpose of enhancing punishment. Barnett v. State, 847 S.W.2d 678, 679 (Tex.App.--Texarkana 1993, no pet.). We find no merit in appellant's third point. This holding also
disposes of appellant's first point claim that his counsel's performance was deficient for
failing to object to the use of the prior convictions for enhancement purposes. Because the
record does not support appellant's claims that his counsel's performance was deficient,
he can not satisfy the first element of the Strickland test. Consequently his ineffective
assistance claim must fail. Appellant's first point presents no meritorious issue on appeal.

 Appellant's fourth point assigns error to the use of prior non-state jail felonies to
enhance punishment for the state jail felony of forgery. In support he cites State v. Warner,
915 S.W.2d 873 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd), where the court held that
under Section 12.42(d) of the Penal Code, prior felony convictions could not be used to
enhance punishment of a state jail felony. Id. at 874. We first note that the First Court of
Appeals overruled its holding in Warner in Smith v. State, 960 S.W.2d 372, 375
(Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). Moreover, Section 12.42 has been
amended since Warner was decided. Appellant's sentence was enhanced under Penal
Code Section 12.42(a)(2) rather than Section 12.42(d). Section 12.42(a)(2) specifically
provides for the use of prior felony convictions to enhance punishment of a state jail felony
punishable under Section 12.35(a). See Tex.Pen. Code Ann. §§ 12.35(a), 12.42(a)(2)
(Vernon 2003). Appellant's fourth point does not present an arguable issue. 

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We agree it presents no meritorious grounds for
review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice





Do not publish.
1. The State's brief represents Judge Anderson was sitting by assignment. No order
of assignment appears in the record. Under Judge Anderson's signature on the judgment
appears stamped text that the judge was "acting for & in the absence of" the 181st District
Court judge. At the hearing Judge Anderson stated he was acting in this felony case under
the authority of Section 25.1932(a)(4) of the Texas Government Code Annotated (Vernon
2004). See also Tex. Govt. Code Ann. § 25.1932(k) (Vernon 2004).