NO.
12-05-00268-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEFFREY DURAND HENDERSON,        §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                 
          

MEMORANDUM OPINION

            Jeffrey Durand
Henderson appeals his conviction for burglary of a habitation.  In four issues, Appellant contends that the
evidence was legally and factually insufficient to support the verdict, that
his right to effective assistance of counsel was violated, and that the trial
court failed to administer an oath to prospective jurors before jury
selection.  We affirm. 

 

Background

            Robert Chambers and his wife built a
home in a rural area near Ben Wheeler, Texas. 
The home sits on a heavily wooded lot comprising more than one hundred
acres.  It is 3400 feet from the county
road, and the driveway to reach it is nearly a mile in length.  The house is so far off the road that the
lights from the house cannot be seen from the road at night.  

            Robert returned home late one
evening.  As was his custom, he emptied
his pockets on a small table in the living room as he entered the house.  When he came back to the living room a short
time later, he was surprised to see Appellant standing there, holding his
wallet.  Chambers grabbed a handgun and a
telephone.  Appellant dropped the wallet
and ran outside.  

            Chambers followed, and he was able
to convince Appellant to yield.  He
called the police, and they arrived sometime thereafter.  After Appellant was taken into custody,
Chambers indicated to the police that several items of his personal property
were outside the home.  Specifically, his
car keys were on the back of a Jeep, and a small bag that had contained washers
was now in the yard a short distance from where Appellant had stopped.  Chambers also noticed that the door to his
car had been opened and that several bills were missing from his wallet.  

            A Van Zandt County grand jury
indicted Appellant for the felony offense of burglary of a habitation.  The indictment also alleged that he had been
convicted previously of a felony offense. At trial, Appellant’s defense was
that he had only wanted to use the telephone. 
Appellant had offered this explanation when he was stopped by the
homeowner, and two of his relatives testified that Appellant had planned to
call his cousin that evening.  Appellant
lived nearby with several of his relatives, and they did not have telephone
service.  

            The jury convicted Appellant as
charged.  Appellant pleaded true to the
enhancement allegation, and the State introduced evidence that Appellant had
been convicted previously of three felony offenses.  The jury assessed punishment at thirty-five
years of imprisonment and a fine of $10,000.00. 
This appeal followed.

 

Sufficiency of the
Evidence

            In his first and second issues,
Appellant argues that the evidence was legally and factually insufficient to
show that he committed the offense of burglary of a habitation.  Specifically, Appellant asserts that there is
no evidence that he intended to commit a theft.

Standard of
Review–Legal Sufficiency

            The Fourteenth Amendment due process
guarantee requires that there be legally sufficient evidence to sustain a
criminal conviction.  Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d
560 (1979); see also Russeau v. State, 171 S.W.3d 871, 877
(Tex. Crim. App. 2005), petitions for cert. filed, Nos. 05-856,
05-8398.  Evidence is legally sufficient
if any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. 2789; see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). 
For legal sufficiency review, the evidence is examined in the light most
favorable to the jury’s verdict.  Jackson,
443 U.S. at 319, 99 S. Ct. 2789; Johnson, 871 S.W.2d at 186. 

            The legal sufficiency of the
evidence is measured against the offense as defined by a hypothetically correct
jury charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            A person commits the offense of
burglary of habitation if, without the effective consent of the owner, he
enters a habitation with the intent to commit theft.  Tex.
Pen. Code Ann. § 30.02(a)(1) (Vernon 2005); Tabor v. State,
88 S.W.3d 783, 786 (Tex. App.–Tyler 2002, pet. ref’d).  The only contested issue at trial, and on
appeal, is whether Appellant acted with the specific intent to commit theft
when he entered the home.

Analysis–Legal
Sufficiency

            Intent to commit theft  may be inferred from a person’s actions or
conduct.  McGee v. State,
774 S.W.2d 229, 234 (Tex. Crim. App. 1989). 
In this case, viewing the evidence in the light most favorable to the
verdict, Appellant acted with the intent to commit theft.  He was caught in another’s home with the
homeowner’s wallet in his hand. 
Additionally, there was testimony that a small bag, coins, and keys that
were on the table with the wallet were moved to near where Appellant was
finally stopped.  Finally, Appellant
attempted to flee when confronted by the homeowner.  A rational jury could have found all of the
essential elements of the offense beyond a reasonable doubt.  We overrule Appellant’s first issue.

Standard of
Review–Factual Sufficiency

            In reviewing factual sufficiency of
the evidence, we must determine whether a neutral review of the evidence, both
for and against the finding, demonstrates that a rational jury could find guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). Evidence is factually insufficient when evidence
supporting the verdict, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt. 
Id.  Evidence is
also factually insufficient when contrary evidence is so strong that the beyond
a reasonable doubt standard could not have been met.  Id. at 484-85.  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002);.  A clearly wrong and manifestly unjust verdict
occurs where the jury’s finding “shocks the conscience” or “clearly
demonstrates bias.”  Zuniga,
144 S.W.3d at 481. 

            As in legal sufficiency review, the
fact finder is the sole judge of the weight and credibility of a witness’s
testimony.  Wesbrook v. State,
29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
The jury may choose to believe all, some, or none of a witness’s
testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Analysis–
Factual Sufficiency

            Appellant argues that the jury
should have believed his version of events: that he merely wished to use the
homeowner’s telephone and that he did not intend to commit theft.  This theory was supported by Appellant’s
contemporaneous statements and by the testimony of two of his relatives that he
was to make a phone call that evening. 

            This evidence cannot be reconciled,
however, with the testimony of the homeowner that Appellant took his pocket
change and car keys from the home and had the homeowner’s wallet in his hand
when he was confronted.  Appellant’s
argument appears to be, as it was at trial, that the homeowner was either
mistaken about those facts or not telling the truth about them.  

            In our system, the jury weighs and
decides these kinds of conflicts in the evidence.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
We intrude on that process only when the result is “clearly unjust and
wrong.”  Id.  In this case, the jury observed the witnesses
and was able to evaluate their demeanor and credibility.  There is nothing in the record to compel the
conclusion that the homeowner’s testimony was fabricated or mistaken.  The evidence is factually sufficient to
support the conviction.  We overrule
Appellant’s second issue. 

 

Ineffective
Assistance of Counsel

            In his third issue, Appellant
complains that he was denied effective assistance of counsel because his lawyer
performed inadequately during the voir dire examination of prospective jurors
and because he did not object to various pieces of evidence.  

Standard of
Review

            To prevail on a claim of ineffective
assistance of counsel, a defendant must prove that his lawyer’s performance was
deficient, that the lawyer made errors so serious that he was not functioning
as the “counsel” guaranteed by the Sixth Amendment, and that the errors of
counsel were so serious that there exists a reasonable probability that, but
for counsel’s errors, the result of the proceedings would have been different.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see also Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

            When considering the issue of
ineffective assistance of counsel, we begin with the strong presumption that
counsel was effective, and we presume that sound strategy motivated counsel’s
actions and decisions.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  An appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what
he did.  See id.  The record on appeal is generally not
sufficient to show that counsel’s representation was so deficient as to meet
the first part of the Strickland standard because counsel’s
decisions often involve facts and considerations that do not appear in the
appellate record.  Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); see also Rogers
v. State, 183 S.W.3d 853, 868 (Tex. App.–Tyler 2005, no pet.).

            After proving error, an appellant
must affirmatively prove prejudice by a preponderance of the evidence.  See Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000).  To
prove prejudice, an appellant must show that there is a reasonable probability
that, but for his attorney’s errors, the jury would have had a reasonable doubt
about his guilt.  Id.

Analysis–Voir
Dire

            Appellant first complains that
counsel “spent significant time discussing probation for his client” during
voir dire and that this was below a reasonable standard of representation
because Appellant was not eligible for probation.  Counsel’s questions about probation were as
follows:

 

COUNSEL:                   If
there was a Defendant that were [sic] probation eligible, with the burglary of
a habitation, is there anyone here that feels probation would not be an option
for the Defendant?           

 

                JUROR
NO. 3:              Yes.

 

                COUNSEL:                   You feel that probation would
not be an option at any time.

 

                JUROR
NO. 3:              If he’s found guilty,
no, there is no probation.  Found guilty,
he serves his time; no probation.

 

                COUNSEL:                   All right.  Thank you for your honesty.  Is there anyone else that feels the same way
as [Juror No. 3]?  Okay. [Juror No. 79]?

 

                JUROR
NO. 79:           If he’s guilty, no
probation.

 

                COUNSEL:                   Is there anyone else that
agrees with [Juror Nos. 79 and 3] that probation is not – Juror No. 41.

 

                JUROR
NO. 41:           Yes.

 

                COUNSEL:                   Anyone else? [Juror No. 27],
okay.  And you feel that there would just
be no way, if it was an option, that you can do it?

 

                JUROR
NO. 27:           I have been a victim and
– 

 

 

            Later, counsel was able to persuade
the trial court to exclude Juror 27 for cause because of her statement that she
could not consider probation, even though his client had not applied for
probation and the parties agreed that he was ineligible for probation from a
jury.  Jurors 3 and 79 had already been
excluded for cause because they would have held it against Appellant if he did
not testify.

            Appellant is correct that it could
be risky to discuss probation when it was not an option for the jury.  On the other hand, the question about
probation brought out the feelings and predispositions of several jurors,
including the conclusion of several of them that they could not consider
probation even for a person convicted of burglary of a habitation.  Appellant’s burden is to show that counsel’s
actions are outside what may be considered sound trial strategy.  Jackson, 877 S.W.2d at
771.  That burden is not met in this
case.  It was a reasonable strategy to
identify and attempt to remove potential jurors who could not consider
probation even though it risked confusing the issue. Trial counsel’s apparent
conclusion that individuals who could not consider probation would not be
receptive to his other arguments is just the kind of judgment that attorneys
are called upon to make regularly.

Analysis–Failure
to Object

            Appellant’s second complaint is that
trial counsel did not object to the admission of a video taken of the home and
surrounding area and that he did not object to the penitentiary packet.  Our inquiry does not go any further unless
Appellant can show that the trial court would have committed error if it had
overruled the proposed objection.  Vaughn
v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).

            With respect to the video, this
threshold is not met.  Appellant claims
that the evidence was not relevant because it “wholly failed to prove what the
home was like on the night in question.” 
The record does not support this conclusion.  The video was made in the weeks before the
trial and the homeowner had made improvements to the interior of the home since
the incident.  But, both sides were able
to carefully examine the homeowner about the changes he had made, and it does
not appear that the changes were particularly significant.  Furthermore, the thrust of the evidence was
not the interior layout of the home, but the distance of the home from the
road, something that had not changed. 
Even with the interior changes, the video was relevant, and we are not
persuaded that the video should have been excluded upon objection or that
counsel was duty bound to raise an objection. 


            With respect to the penitentiary
packet, Appellant argues that counsel should have objected because it contained
information about additional offenses not contained in the indictment, because
it contained hearsay, and because its admission violated Appellant’s Sixth
Amendment right to confront his accusers. 


            Generally, prior convictions are
admissible in the punishment phase of trial. 
Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(a)(1) (Vernon 2005). The other two prior convictions were not
offered to support an enhanced sentence, but to assist the jury in their
determination of the appropriate punishment. 
In the punishment phase of trial, the State is entitled to prove each
and every one of Appellant’s prior convictions whether alleged in the
indictment or not.  Counsel was not
ineffective for failing to object because the prior convictions were not
alleged in the indictment.

            Nor was counsel ineffective for
failing to object on the basis of the general rule against hearsay.  It has long been the law that penitentiary
packets are admissible as an exception to the hearsay rule if they are properly
authenticated as public records.  See Tex. R. Evid. 803(8), 901(b)(7),
902(4); State v. Handsbur, 816 S.W.2d 749, 750 (Tex. Crim. App.
1991); Reed v. State, 811 S.W.2d 582, 584 (Tex. Crim. App. 1991).
The penitentiary packet in this case was properly authenticated by the Texas
Department of Criminal Justice.  The
certification of the record keeper at the penal institution is sufficient for
the record to be admissible even if each document within the record is not
certified by the originating jurisdiction. 
Reed, 811 S.W.2d at 586-87.  The penitentiary packets were not
inadmissible hearsay.

            Finally, Appellant complains his
attorney should have objected to the packet on the basis of his right to
confront his accusers.  The packet,
including the formal parts, is twelve pages in length and consists only of
Appellant’s photograph, his fingerprints, and the judgments of conviction for
three felony offenses.  The individual
judgments are each three pages in length and do not feature police reports,
victim statements, or other accusatory information.  They merely recite the fact of Appellant’s
conviction in each case. 

            Appellant is correct that Crawford
v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004),
reordered the evaluation of hearsay.  Crawford
stands for the principle that testimonial evidence may not be admitted by a
state statute or common law rule that substitutes a determination of
reliability for the crucible of cross examination.  Id., 514 U.S. at 61, 124 S. Ct.
at 1370.  But Crawford and
the Sixth Amendment require confrontation only for “testimonial statements.”  Id., 541 U.S. at 51-52, 124 S. Ct. at
1364.  Although the Court did not define
the term “testimonial,” it did, in dicta, exclude business records from the
class of “testimonial” evidence.  Id.,
541 U.S. at 56, 124 S. Ct. at 1367 (“Most of the hearsay exceptions covered
statements that by their nature were not testimonial--for example, business
records or statements in furtherance of a conspiracy.”).  For purposes of this analysis, there is
little difference between business records and public records so long as the
documents themselves do not contain testimonial material.  A series of Texas cases since Crawford
has held that public records are nontestimonial.  Denoso v. State, 156 S.W.3d
166, 181-82 (Tex. App.–Corpus Christi 2005, pet. ref’d)(autopsy report); Mitchell
v. State, 04-04-00885-CR, 2005 Tex. App. LEXIS 10830, at *3-4 (Tex.
App.–San Antonio 2005, pet. ref’d) (not designated for publication);
Barela v. State, 08-02-00492-CR, 2004 Tex. App. LEXIS 8802, at *15-21
(Tex. App.–El Paso 2004) (not designated for publication), aff’d, 180
S.W.3d 145 (Tex. Crim. App. 2005).

            Of course, public records may
contain testimonial evidence.  In Russeau,
171 S.W.3d at 881, the court of criminal appeals found error in the admission
of jail records as business records.  The
records contained discipline reports and incident reports with written
statements made by correctional officers of their own observations.  Id. at 880.  The court found these statements to be
testimonial and subject to the Sixth Amendment right to confrontation.  Id. at 881.  On the other hand, the Fourteenth Court of
Appeals, distinguishing Russeau, held that jail records not
containing statements or observations made by correctional officers were not
testimonial.  Ford v. State,
179 S.W.3d 203, 209 (Tex. App.–Houston [14th Dist.] 2005, pet. ref’d).  The records admitted in Ford
only recited the prisoners’ offenses and the punishments he received for the
offenses.  The records did not contain
statements that were testimonial in nature. 
Id.

            The records in this case contained
no testimonial evidence and would have been admitted  even if there had been an objection pursuant
to Crawford.  Counsel was
not ineffective for failing to raise an objection that would have been
denied.  We overrule Appellant’s third
issue.

 

Administration of
Oath to Prospective Jurors

            In his fourth issue, Appellant noted
that the record did not show that the prospective jurors had been administered
an oath as required by Texas law.  See
Tex. Code Crim. Proc. Ann. art. 35.02
(Vernon 2005).  As counsel disclosed
forthrightly in his brief, this issue is familiar.  See White v. State,
12-05-00012-CR & 12-05-00055-CR, 2006 Tex. App. LEXIS 4454, at *9-10 (Tex.
App.–Tyler 2006, no pet. h.) (not designated for publication).  As occurred in White, the court
reporter has prepared a supplemental record containing the qualification of the
jury venire for this case.  We have
reviewed the supplemental reporter’s record and are satisfied that the oath
required by article 35.02 was administered to the panel of prospective jurors
before jury selection began.  Appellant’s
fourth issue is overruled.

 

Disposition

            We affirm the judgment
of the trial court.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)