Danny Marx **DINGLER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–85–0209–CR.**

Court of Appeals of Texas, Tyler.

Jan. 15, 1987.

Rehearing Denied Feb. 27, 1987.

Hunter Brush Tyler, for appellant.

Jack Skeen, Dist. Atty., Tyler, for appellee.

COLLEY, Justice.

Danny Marx Dingler was convicted in a bench trial of the unauthorized use of a motor vehicle, a third degree felony, on his plea[1] of guilty. The State alleged three prior convictions[2] for enhancement of punishment. Dingler pleaded "not true" to each enhancement paragraph. The State offered into evidence two exhibits containing the records of these three prior convictions. State's exhibit number one contains a copy of the judgment and sentence in Cause No. B–8581 on the docket of the 161st District Court of Ector County, styled The State of Texas vs. Danny M. Dingler, showing a conviction of the named defendant of "unlawful delivery of a controlled substance, namely, methamphetamine." State's exhibit number two contained copies of the judgments and sentences in Cause Nos. B–5691 on the docket of the 161st District Court of Ector County, styled The State of Texas vs. Danny Marx Dingler, showing the named defendant was convicted of "passing as true a false and forged instrument in writing," and A–5956[3] on the docket of the 70th District Court of Ector County, styled The State of Texas vs. Danny Marx Dingler, showing that the named defendant was convicted on May 8, 1972, of "theft of ... property over the value of $50.00."

Penitentiary records in both exhibits were duly attested by S.O. Woods, Jr., certified to be the Record Clerk of the Texas Department of Corrections by Ralph A. Davis, Jr., County Judge of Walker County, Texas, as required by Tex.Rev.Civ.Stat. Ann. art. 3731a.[4] Dingler objected to exhibits one and two on the grounds that the judgments in the cause numbers shown thereby had not been certified by the District Clerk of Ector County, or by one of his deputies, and his point of error number one claims that such exhibits were inadmissible.

By his second point of error Dingler contends that although the judgment and sentence in Cause No. B–8581[5] show that he was convicted of delivery of methamphetamine, the indictment in said cause charged him with offering to sell the substance. Dingler's counsel at trial related a hearsay telephone conversation with the "District Clerk's Office in Ector County" to the effect that the indictment alleged an offer to sell. Dingler testified to the same facts. The State at trial appears to have conceded the variance just noted between the allegations of the indictment and the judgment of conviction in said cause. The

1. Without a plea bargain agreement.

2. Referred to at trial by the court as counts two, three, and four of the indictment (the court referenced the primary offense as count one).

3. This offense was referred to by the trial judge as count three.

4. Act of June 21, 1951, ch. 471, 1951 Tex. Gen. Laws 830, 831–832, amended several times and last amended before repeal by the Act of May 20, 1975, ch. 280, § 1, 1975 Tex.Gen. Laws 666–667, repealed by Tex.R.Crim.Evid. effective September 1, 1986. Hereafter referred to as article 3731a.

5. Referred to as count number two by the trial judge.

trial court pronounced from the bench that he had found the allegation of counts two and three true, that is, that Dingler had been previously convicted of delivery of methamphetamine and theft in Cause Nos. B–8581 and A–5956 respectively, but the judgment of conviction before us contains no written findings to that effect. Confusion in the record was generated by the trial court's oral pronouncement that he "did not utilize assessment of punishment on Count 2 [delivery of methamphetamine]." The problem is that the copies of the judgments in these causes evidenced by State's exhibits one and two do not contain a certificate of the Ector County District Clerk, or one of his deputies, that the copies are correct copies of the originals on file in the clerk's office. These discrepancies rendered the copies of these judgments inadmissible under the provisions of article 3731a. *Todd v. State*, 598 S.W.2d 286, 292–293 (Tex.Cr.App.1980). We construe *Todd* to hold that authenticated copies of judgments of conviction, though made by the Department of Corrections' officer having legal custody of such records in accordance with section 4 of article 3731a,[6] are not admissible as self-authenticated records unless they reflect that the copies forwarded to the Texas Department of Corrections by the convicting court clerk were "certified copies" of the original on file in the clerk's office. If they are, the records are admissible without extrinsic evidence of their authenticity; otherwise they are not. In this case, the copies of the judgments of conviction incorporated in the exhibits do not reflect that the "original" copies forwarded to TDC bore the original attestation of the Ector County District Clerk or one of his deputies, and were therefore inadmissible under the circumstances here involved. *Todd v. State, supra.* The trial court erred in overruling Dingler's specific objections to State's exhibits numbers one and two. Point one is sustained.

6. See now Tex.R.Crim.Evid. article IX; Act of June 14, 1985, ch. 685, § 6, 1985 Tex.Sess. Law

 The State correctly answers Dingler's claim that his conviction in Cause No. B–8581 (State's Exhibit 1) is void because of the variance between the indictment and the judgment of conviction. *Thomas v. State*, 525 S.W.2d 172 (Tex.Cr.App.1975), cited by Dingler is inapposite. "Delivery," as defined in Tex.Civ.Stat.Ann. art. 4476–15 § 1.02(6) (Vernon Supp.1987), includes an offer to sell. *Queen v. State*, 662 S.W.2d 338 (Tex.Cr.App.1983). Point two is overruled.

The punishment assessed by the trial court in this cause is set aside, and the cause is remanded for a new punishment hearing before the court.