**Gary Dean WYBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–88–0068–CR.**

Court of Appeals of Texas,
Amarillo.

Feb. 13, 1989.

Thomas V. Priolo, Amarillo, for appellant.

Randall Sherrod, Dist. Atty., John L. Davis, Canyon, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Gary Dean Wyble appeals his conviction for burglary of a habitation, enhanced by two prior felony convictions, and the court-assessed punishment of twenty-five years confinement in the Texas Department of Corrections. In six points, appellant argues that (1) there was no evidence or insufficient evidence to support his conviction; (2) the trial court erred in refusing to charge on the lesser-included offense of "trespassing"; and (3) there was no evidence or insufficient evidence to establish the alleged prior felony convictions of appellant for enhancement purposes. We affirm the judgment of conviction.

In his first three points, appellant argues that there was no evidence, or insufficient evidence, to support his conviction. In particular, he argues that the State failed to prove beyond a reasonable doubt that appellant entered the complainant's house with the intent to commit theft.

This is a circumstantial evidence case. In this type of case, as in any other criminal case, the ultimate guide to be used in evaluating the sufficiency of the evidence is to determine whether, viewed in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Granger v. State*, 683 S.W.2d 387, 391 (Tex.Crim.App.1984), *cert. denied*, 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985); *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Crim.App.1983) (opinion on State's motion for rehearing). As a standard to measure that sufficiency, the circumstances proved must exclude every other reasonable hypothesis except that of the guilt of the accused and proof amounting to only a strong suspicion or mere probability is insufficient. *Freeman v. State*, 654 S.W.2d 450, 454 (Tex.Crim.App. 1983).

However, it is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances and it is not required that those circumstances exclude to a moral certainty every hypothesis that the offense may have been committed by another person. However, the defensive hypothesis must be a reasonable one, consistent with the facts proved and the circumstances, and the premise that the offense may have been committed by another person must not be out of harmony with the evidence. *Gilmore v. State*, 666 S.W.2d 136, 154 (Tex.App.—Amarillo 1983, pet. ref'd). Finally, mere presence at or near the scene of a crime is not sufficient to support a conviction, but it is a circumstance which, combined with other facts, may suffice to show that the accused was a participant. *Id.*

■ The State's evidence, which the jury could believe, can be summarized as follows:

1. The complainant, Timothy Wayne Arnold, testified that he had known appellant and his family for many years and that appellant had visited in the complainant's home.

2. The complainant testified that upon his and his wife's return from shopping on October 31, 1987, they observed appellant's brother's truck parked in the driveway of their next door neighbor.

3. As he got out of his car, the complainant testified he saw appellant "coming around an evergreen bush, carrying [complainant's] television," in close proximity to complainant's house.

4. Complainant told appellant to put down the television set, but appellant loaded it into his brother's truck and drove away.

5. Complainant did not see anyone enter his house or see the actual taking of the television set.

6. Complainant determined a storm window to be the point of entry for the burglary and testified that he did not give appellant permission to enter his house and take his television set.

7. Complainant's wife called the police to the scene from her neighbor's home.

8. Complainant received at least one telephone call from appellant's brother during the time of the police investigation. Appellant's brother said the television would be returned.

9. Complainant told the police that appellant stole his television and signed a form indicating that he wanted to prosecute. He gave the police appellant's address, where the television was recovered that same evening.

10. Complainant testified that he had numerous contacts from appellant's family and that he signed a non-prosecution affidavit prepared by appellant's attorney.

11. Complainant testified that it was his opinion that appellant did not intend to keep the television set.

Consideration of the circumstances as a whole shows that it was reasonable for the jury to conclude, as it evidently did, that appellant committed the offense of burglary of a habitation. Appellant's first three points are overruled.

■ In his fourth and fifth points, appellant argues that the trial court erred in refusing to include in the charge the lesser-included offense of "trespassing." Appellant would be entitled to a charge on a lesser-included offense if there was testimony that if guilty at all, he was only guilty of the lesser-included offense. *See Watson v. State*, 605 S.W.2d 877, 884 (Tex. Crim.App. [Panel Op.] 1979) (opinion on State's Motion for Rehearing).

In determining whether he was entitled to the charge, we must utilize a two-step analysis. First, the lesser-included offense must be included within the proof necessary to establish the charged offense. Second, there must be evidence in the record that if the defendant is guilty, he is not guilty of the charged offense, but only of the lesser offense. *Rogers v. State*, 687 S.W.2d 337, 344 (Tex.Crim.App.1985).

■ Criminal trespass may be a lesser-included offense of burglary. *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim.App. 1975). The first step is, thus, met.

■ Appellant correctly argues that it is no longer necessary for the defendant to present evidence that, if he is guilty, he is only guilty of the lesser offense, in order to receive a charge on the lesser-included offense. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984). Information from any source is admissible for that purpose. *Id.* However, consideration of all the evidence presented at trial is still required to determine if an issue that the lesser-included offense was committed was raised. *Id.*

■ Appellant argues that there was no proof that he entered the premises, only that he was on the premises. He additionally argues that there is no evidence of his intent to permanently appropriate the television. He relies on *Day v. State*, 532 S.W.2d at 302 to argue his entry on the premises for some other purpose than com-

mission of theft entitles him to the charge on the lesser-included offense.

In *Day*, the defendant testified that he entered the restaurant to telephone police and was, thus, entitled to the requested charge. The Court found this evidence sufficient to raise the issue and require the lesser-included offense charge. 532 S.W.2d at 307.

In the case at bar, however, the defensive theory was that the taking was without intent to permanently deprive and, therefore, was a trespass instead of a theft. Appellant obviously bases this theory on the complainant's opinion that appellant did not intend to keep the television. However, there was no evidence that appellant, if guilty, was only guilty of the lesser offense.

Appellant was observed exiting the complainant's property with the complainant's television. He refused to return it when confronted by the complainant. The property was later found in his possession by the police. There was no evidence from any source that appellant was on the complainant's property for any purpose other than theft. *See Dominguez v. State*, 722 S.W.2d 179, 182 (Tex.App.—Houston [14th Dist.] 1986, no pet.).

The trial court was correct in refusing the instruction on criminal trespass. Appellant's fourth and fifth points are overruled.

■ In his sixth point, appellant argues that there was insufficient evidence to establish the alleged prior felony convictions of appellant which were used for enhancement purposes.

The indictment contained two enhancement paragraphs. At the punishment phase conducted before the trial court, the State introduced, over the objection of appellant, three pen packets, two of which were alleged to establish the convictions alleged in the enhancement paragraphs. Merle Strickland testified for the State and identified appellant as the person convicted in the pen packets. This was demonstrated by comparing the known fingerprints of appellant to the latent fingerprints in the pen packets. Strickland testified that the comparison showed that the fingerprints in the pen packets were those of appellant. The trial court found that the enhancement paragraphs were established by the State and assessed appellant's punishment at the minimum of twenty-five years confinement.

Appellant argues that there was insufficient evidence to link him to the pen packets. However, it is well established that the comparison of fingerprints is acceptable to prove the identity of the person who was convicted as shown in a pen packet. *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim.App.1986). Therefore, there was sufficient evidence to support the trial court's finding on the enhancement paragraph.

■ Appellant additionally argues that the pen packets were improperly admitted because some of the records that they contained were not certified to by the district clerk of the convicting court. He bases that contention on *Dingler v. State*, 723 S.W.2d 806 (Tex.App.—Tyler 1987, pet. granted). The holding of the *Dingler* Court was based upon its interpretation of *Todd v. State*, 598 S.W.2d 286 (Tex.Crim. App. [Panel Op.] 1980). The actual holding of the *Todd* Court was that the contents of a pen packet were "written instructions" within the purview of former Texas Revised Civil Statutes Annotated article 3731a. *Id.* at 292. As such, the Court concluded, those contents were subject to authentication by the custodian of records for the agency having legal custody of such documents under section 4 of that article. *Id.* In dicta, and peripherally, the *Todd* Court mentioned that in that case, the judgments and sentences contained in the pen packet were properly certified by the clerk of the trial court. *Id.* at 293. Nowhere did the *Todd* Court specifically hold that proof of such prior certification was necessary to authenticate a pen packet. Not only is the *Dingler* holding suspect because a petition for discretionary review has been granted on the case, but its holding is in direct conflict with the Court's holding in *Blakes v. State*, 634 S.W.2d 319 (Tex.Crim.App. [Panel Op.] 1982).

In *Blakes,* and in response to a contention similar to that advanced by appellant under this point, the Court held that under article 3731a such prior certification was not required. 634 S.W.2d at 320. En route to that holding, the Court commented:

It is common knowledge that the Department of Corrections does not admit convicted defendants without certified copies of a judgment and a sentence duly certified to by the district clerk where the conviction was obtained and they then become part of the inmate's official record at the Department of Corrections.

*Id. See also Rodasti v. State,* 749 S.W.2d 161, 162–63 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Johnson v. State,* 720 S.W.2d 877, 877 (Tex.App.—Texarkana 1986, no pet.); and *Garza v. State,* 705 S.W.2d 818, 820 (Tex.App.—San Antonio 1986, no pet.). Appellant's sixth point is overruled.

In summary, all of appellant's points are overruled and, there being no reversible error, the judgment of the trial court is affirmed.