NO. 07-03-0337-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 14, 2004



______________________________




ROBERT RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-021-167; HONORABLE H. BRYAN POFF, JR., JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Robert Rodriquez was convicted by a jury
of burglary of a habitation, enhanced, and sentenced by the trial court to 15 years
confinement. Presenting a sole issue, appellant asserts error by the trial court in refusing
to instruct the jury on the lesser-included offense of criminal trespass. We affirm.

 On October 5, 2002, complainant Jimmy Rojas was taking care of his and Amy
Vela's child at his home in Hereford while Amy was at work in Amarillo. Jimmy and Amy
shared a past relationship but were no longer romantically involved. In fact, she had just
ended a controlling relationship with appellant a month or two earlier. After work, Amy
drove to Hereford to pick up her child and when she arrived, went inside the house to pack
the child's belongings. About 15 minutes later, Jimmy and Amy noticed an unfamiliar car
pull into the driveway. The front seat was occupied by two females and when the car door
opened, appellant emerged from the back seat in an angry mood and was pulling his shirt
off as he proceeded toward the house. Amy became scared and went inside the house
and locked the door.

 Once inside, Amy went to the kitchen to call the police and while on the phone, she
heard the door slam open and saw appellant enter. Jimmy testified that appellant came
at him and threatened to "kick [his] ass" and "f___ [him] up." Appellant punched Jimmy
and threw household items at him. During the altercation, Jimmy found an opportunity to
run outside to get help when he noticed a patrol car driving by and flagged it down. Officer
Luis Zamora was responding to a 911 call from Jimmy's residence.

 Officer Zamora testified that Jimmy was upset, hysterical, and looked like he had
been in a fight. Jimmy reported to the officer that appellant had assaulted him and was in
the house assaulting Amy. Zamora testified that when he arrived on the scene he heard
a lot of yelling and proceeded inside the house. He noticed that the door frame was
broken and the living room was in shambles. He described appellant as being in a rage
and observed him attempting to assault Amy as appellant's two female friends were trying
to get between them. Zamora directed appellant to stop and place his hands behind his
back. He complied and was handcuffed and escorted to the patrol car. 

 Appellant was indicted for burglary of a habitation for entering the residence of
Jimmy Rojas without his consent and with intent to commit an assault against him. 
Appellant does not dispute that the evidence established he entered Jimmy's home without
consent or that he assaulted him. Rather, he argues he was entitled to an instruction on
the lesser-included offense because the evidence did not show he intended to assault
Jimmy, but instead established that he traveled to Hereford to see Amy and confront her
about being at Jimmy's residence. Thus, he contends the trial court erred in refusing to
instruct the jury on the lesser-included offense of criminal trespass. We disagree. 

 The decision whether to include an instruction on a lesser-included offense requires
a two-step analysis. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Cr.App. 1993), cert.
denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser-included
offense must be included within the proof necessary to establish the offense charged, and
second, there must be some evidence that would permit a rational jury to find that if the
defendant is guilty, he is guilty only of the lesser offense. Id.; see also Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981).

 Burglary of a habitation occurs when a person, without the effective consent of the
owner, enters a habitation with intent to commit felony, theft, or assault. Tex. Pen. Code
Ann. § 30.02(a)(1) (Vernon 2003). A person commits criminal trespass if he enters or
remains on or in property of another without effective consent and had notice that the entry
was forbidden or received notice to depart but failed to do so. § 30.05(a). Criminal
trespass is a lesser-included offense of burglary. See Day v. State, 532 S.W.2d 302, 306
(Tex.Cr.App. 1975); see also Wyble v. State, 764 S.W.2d 927, 929 (Tex.App.-Amarillo
1989, pet. ref'd). Thus, the first prong of Rousseau is satisfied. 

 In order to meet the second prong of the Rosseau analysis, there must be some
evidence in the record that appellant is only guilty of criminal trespass. Burglary requires
intent and intent to commit an act may be inferred from the defendant's conduct and
surrounding circumstances. McGee v. State, 923 S.W.2d 605, 608 (Tex.App.-Houston
[1st Dist.] 1995, no pet.); see also Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. 1982).

 The evidence shows that appellant arrived at Jimmy's residence in an angry state
of mind and forced the front door open. Jimmy testified that when appellant entered the
house, "he started coming at [him]," made threats, and began punching him. Only after
Jimmy ran out of the house did appellant turn his attention toward Amy.

 Antonia Hernandez, one of the female friends that accompanied appellant to
Hereford on October 5 and who was dating him at the time of trial, testified for appellant. 
She claimed appellant was not upset during the drive to Hereford and thought they were
going there to meet Amy. She also testified that she did not notice Jimmy's door was
broken when she entered the residence during the altercation. Officer Zamora testified
that when he questioned Antonia about the incident she was cooperative until he asked
questions about the damage to Jimmy's front door. 

 Considering appellant's conduct in forcing open the door to Jimmy's residence and
immediately approaching him while making threats, and the circumstances surrounding the
relationships between Jimmy and Amy and Amy and appellant, the jury could infer that
appellant intended to assault Jimmy. Furthermore, there is no evidence to indicate that
appellant was only guilty of the lesser-included offense of criminal trespass. Thus,
appellant did not satisfy the second prong of Rosseau and the trial court did not err in
refusing to instruct the jury on the lesser-included offense. Appellant's sole issue is
overruled. 

 Accordingly, the judgment of the trial court is affirmed. 

 Don H. Reavis

 Justice


 

Do not publish.