NO. 07-03-0337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 14, 2004

_____

ROBERT RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-021-167; HONORABLE H. BRYAN POFF, JR., JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Robert Rodriquez was convicted by a jury of burglary of a habitation, enhanced, and sentenced by the trial court to 15 years confinement. Presenting a sole issue, appellant asserts error by the trial court in refusing to instruct the jury on the lesser-included offense of criminal trespass. We affirm.

On October 5, 2002, complainant Jimmy Rojas was taking care of his and Amy Vela's child at his home in Hereford while Amy was at work in Amarillo. Jimmy and Amy shared a past relationship but were no longer romantically involved. In fact, she had just ended a controlling relationship with appellant a month or two earlier. After work, Amy drove to Hereford to pick up her child and when she arrived, went inside the house to pack the child's belongings. About 15 minutes later, Jimmy and Amy noticed an unfamiliar car pull into the driveway. The front seat was occupied by two females and when the car door opened, appellant emerged from the back seat in an angry mood and was pulling his shirt off as he proceeded toward the house. Amy became scared and went inside the house and locked the door.

Once inside, Amy went to the kitchen to call the police and while on the phone, she heard the door slam open and saw appellant enter. Jimmy testified that appellant came at him and threatened to "kick [his] ass" and "f___ [him] up." Appellant punched Jimmy and threw household items at him. During the altercation, Jimmy found an opportunity to run outside to get help when he noticed a patrol car driving by and flagged it down. Officer Luis Zamora was responding to a 911 call from Jimmy's residence.

Officer Zamora testified that Jimmy was upset, hysterical, and looked like he had been in a fight. Jimmy reported to the officer that appellant had assaulted him and was in the house assaulting Amy. Zamora testified that when he arrived on the scene he heard a lot of yelling and proceeded inside the house. He noticed that the door frame was

2

broken and the living room was in shambles. He described appellant as being in a rage and observed him attempting to assault Amy as appellant's two female friends were trying to get between them. Zamora directed appellant to stop and place his hands behind his back. He complied and was handcuffed and escorted to the patrol car.

Appellant was indicted for burglary of a habitation for entering the residence of Jimmy Rojas without his consent and with intent to commit an assault against him. Appellant does not dispute that the evidence established he entered Jimmy's home without consent or that he assaulted him. Rather, he argues he was entitled to an instruction on the lesser-included offense because the evidence did not show he intended to assault Jimmy, but instead established that he traveled to Hereford to see Amy and confront her about being at Jimmy's residence. Thus, he contends the trial court erred in refusing to instruct the jury on the lesser-included offense of criminal trespass. We disagree.

The decision whether to include an instruction on a lesser-included offense requires a two-step analysis. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser-included offense must be included within the proof necessary to establish the offense charged, and second, there must be some evidence that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).

Burglary of a habitation occurs when a person, without the effective consent of the owner, enters a habitation with intent to commit felony, theft, or assault. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). A person commits criminal trespass if he enters or remains on or in property of another without effective consent and had notice that the entry was forbidden or received notice to depart but failed to do so. § 30.05(a). Criminal trespass is a lesser-included offense of burglary. *See* Day v. State, 532 S.W.2d 302, 306 (Tex.Cr.App. 1975); *see also* Wyble v. State, 764 S.W.2d 927, 929 (Tex.App.–Amarillo 1989, pet. ref'd). Thus, the first prong of *Rousseau* is satisfied.

In order to meet the second prong of the *Rosseau* analysis, there must be some evidence in the record that appellant is only guilty of criminal trespass. Burglary requires intent and intent to commit an act may be inferred from the defendant's conduct and surrounding circumstances. McGee v. State, 923 S.W.2d 605, 608 (Tex.App.–Houston [1st Dist.] 1995, no pet.); *see also* Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. 1982).

The evidence shows that appellant arrived at Jimmy's residence in an angry state of mind and forced the front door open. Jimmy testified that when appellant entered the house, "he started coming at [him]," made threats, and began punching him. Only after Jimmy ran out of the house did appellant turn his attention toward Amy.

Antonia Hernandez, one of the female friends that accompanied appellant to Hereford on October 5 and who was dating him at the time of trial, testified for appellant. She claimed appellant was not upset during the drive to Hereford and thought they were

4

going there to meet Amy. She also testified that she did not notice Jimmy's door was broken when she entered the residence during the altercation. Officer Zamora testified that when he questioned Antonia about the incident she was cooperative until he asked questions about the damage to Jimmy's front door.

Considering appellant's conduct in forcing open the door to Jimmy's residence and immediately approaching him while making threats, and the circumstances surrounding the relationships between Jimmy and Amy and Amy and appellant, the jury could infer that appellant intended to assault Jimmy. Furthermore, there is no evidence to indicate that appellant was only guilty of the lesser-included offense of criminal trespass. Thus, appellant did not satisfy the second prong of *Rosseau* and the trial court did not err in refusing to instruct the jury on the lesser-included offense. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5