NO. 07-03-0467-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 7, 2005



______________________________




DONALD RAY COIL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14937-0305; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Donald Ray Coil brings this appeal from his conviction for the felony offense of
driving while intoxicated. Agreeing with appellant's appointed counsel that the record
shows no meritorious grounds for appeal, we will affirm.

 Appellant was charged by an indictment alleging he operated a motor vehicle in a
public place while he was intoxicated. The indictment contained three enhancement
paragraphs alleging two prior convictions for driving while intoxicated and one conviction
for the felony offense of burglary. Appellant pled not guilty and was tried before a jury
which found him guilty. He pled true to the enhancement paragraphs and punishment was
assessed in conformity with the jury's verdict at fifteen years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant's appointed trial counsel
timely perfected appeal and new counsel was appointed to represent appellant on appeal.

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents he has searched the record and in his professional opinion, under the controlling
authorities and facts of this case, there is no reversible error or legitimate grounds for
appeal. Counsel has informed appellant by letter of his right to review the trial record and
to file a pro se brief. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet.
ref'd). By letter this court also notified appellant of his opportunity to submit a response to
the Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a brief
or other response. Nor has the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The evidence at trial showed City of Plainview police officer Manuel Balderas
observed appellant make a left turn at a controlled intersection without yielding to oncoming
traffic. The other vehicle had to take evasive action to avoid a collision. Intending to make
a traffic stop, Balderas turned on his overhead lights and stopped behind appellant at a gas
station. He testified appellant had slurred speech, poor balance and poor performance on
field sobriety tests. Balderas determined appellant was impaired and arrested him for
driving while intoxicated. The State introduced a video recording made of the events
occurring after Balderas stopped behind appellant's vehicle. Two other officers at the
scene also opined appellant was intoxicated. 

 Balderas testified appellant subsequently refused to perform a breath test for
intoxication insisting on a blood test. The officer allowed appellant to contact his stepfather
who unsuccessfully attempted to have medical personnel go to the jail to perform a blood
test. Appellant did not testify at the guilt or innocence phase of trial. The jury found
appellant guilty.

 Appellant was the only witness to testify at the punishment phase of trial. He
admitted having a problem with alcohol. He asked that sentence be set "somewhere in the
range of two to five [years incarceration]." On cross-examination he disputed the traffic
violation alleged by the State. He admitted to five or six arrests for alcohol related offenses
and four prior convictions.

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. We agree it presents
no meritorious grounds for review. We affirm the judgment of the trial court and grant
counsel's motion to withdraw.



 James T. Campbell

 Justice




Do not publish.



amily members. 

 The victim was unaware that the State could pursue the case despite the non-prosecution affidavit. Appellant was charged in a three-count indictment with burglary of
a habitation with intent to commit aggravated assault, burglary of a habitation with intent
to commit assault, and aggravated assault. The victim was subpoenaed to testify. 
Appellant was convicted of burglary of a habitation with intent to commit assault. 

 By his first point, appellant contends the trial court erred in refusing to include his
requested instruction for the lesser included offense of criminal trespass where the State
was granted the lesser included offense of assault from the original charge of burglary of
a habitation with intent to commit aggravated assault. We disagree. 

 The decision whether to include an instruction on a lesser included offense requires
a two-step analysis. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Cr.App. 1993), cert.
denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser included
offense must be included within the proof necessary to establish the offense charged, and
second, there must be some evidence that would permit a rational jury to find that if the
defendant is guilty, he is guilty only of the lesser offense. Id. See also Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981).

 Burglary of a habitation occurs when a person, without the effective consent of the
owner, enters a habitation with intent to commit felony, theft, or assault. Tex. Pen. Code
Ann. § 30.02(a)(1) (Vernon 2003). A person commits criminal trespass if he enters or
remains on or in property of another without effective consent and had notice that the entry
was forbidden or received notice to depart but failed to do so. § 30.05(a). Criminal
trespass is a lesser included offense of burglary. See Day v. State, 532 S.W.2d 302, 306
(Tex.Cr.App. 1975); see also Wyble v. State, 764 S.W.2d 927, 929 (Tex.App.-Amarillo
1989, pet. ref'd). Thus, the first prong of Rousseau is satisfied. 

 In order to meet the second prong of the Rosseau analysis, there must be some
evidence in the record that appellant is only guilty of criminal trespass. Burglary requires
intent, and intent to commit an act may be inferred from the defendant's conduct and
surrounding circumstances. McGee v. State, 923 S.W.2d 605, 608 (Tex.App.-Houston [1st
Dist.] 1995, no pet.); see also Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. [Panel Op.]
1982). A person commits an assault when he intentionally, knowingly, or recklessly causes
bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2004-05).

 Intent to commit a felony, theft, or an assault must exist at the moment of entry or
there is no offense under section 30.02(a)(1). DeVaughn v. State, 749 S.W.2d 62, 65
(Tex.Cr.App. 1988). Furthermore, once unlawful entry is made, the crime is complete,
regardless of whether the intended theft, felony, or assault is actually completed. Ford v.
State, 632 S.W.2d 151, 153 (Tex.Cr.App. [Panel Op.] 1982). Finally, intent is a fact issue
which is usually established by circumstantial evidence and may be inferred from acts,
words, and conduct of the accused. See Moore v. State, 969 S.W.2d 4, 10 (Tex.Cr.App.
1998) 9 (en banc); see also Dues, 634 S.W.2d at 305. 

 The State established that appellant entered the victim's apartment by force and that
substantial damage was done to the door, the frame, and the knob. The victim testified that
appellant used an expletive when demanding she open the door. She also testified she
was frightened for herself and her daughter and did not want him there. She explained that
she acted cordially only to avoid further confrontation. According to her testimony, her left
ear was tender, red, and swollen from being struck by appellant with the cordless phone. 


 The responding officer also testified that he observed the injury to the victim's left
ear. In his opinion, the victim was nervous and scared, yet she downplayed the incident
to avoid upsetting her daughter. She explained the officer's presence in the apartment as
a "nice man" who was there to talk.

 Although no fingerprints or photographs, except for one of the victim's daughter,
were introduced into evidence to show property damage or the victim's injuries, there is
likewise no evidence to indicate the victim fabricated the story, which was the defense's
theory. The only defense witness was a former neighbor of appellant's who testified that
at one time, although she could not pinpoint a date, appellant had a key to the victim's
apartment and the victim had a key to appellant's place. Based on a motion in limine, she
testified, outside the jury's presence, that she believed the victim did not have a good
reputation for truth and veracity. However, the trial court denied any questioning on the
victim's reputation because the witness could not base her opinion on anything other than
personal knowledge.

 Based on the evidence and appellant's conduct, there is nothing to suggest he was
only guilty of the lesser included offense of criminal trespass. Thus, he did not satisfy the
second prong of Rosseau, and the trial court did not err in refusing to instruct the jury on
the lesser included offense. Point of error one is overruled.

 By his second contention, appellant urges error by the trial court in admitting, over
objection, a picture of the alleged victim's minor child when the child was not alleged to be
a victim nor did the testimony ever indicate she knew of the occurrence of the alleged
events, and admission of the picture was irrelevant and inflammatory. We disagree.

 The admission of photographs into evidence is within the discretion of the trial court
and will not be disturbed absent an abuse of discretion. Wyatt v. State, 23 S.W.3d 18, 29
(Tex.Cr.App. 2000). Generally, a photograph is admissible if verbal testimony regarding
it is also admissible. Emery v. State, 881 S.W.2d 702, 710 (Tex.Cr.App. 1994), cert.
denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). A non-exhaustive list of
factors to consider in determining whether the probative value of photographs is
outweighed by the danger of unfair prejudice include the number of exhibits offered, their
gruesomeness, detail, size, whether they are black and white or color, whether they are
close-up, whether the body is naked or clothed, and the availability of other means of proof
and circumstances unique to each case.  See Williams v. State, 958 S.W.2d 186, 173
(Tex.Cr.App. 1997) (en banc).

 When the victim was testifying, the State offered a small studio quality photograph
of her young daughter to which the defense objected as follows, "I can't see any reason,
other than to prejudice the jury, for that to be introduced. I see no relevance." (2) The State
responded that the relevance was the victim's daughter's presence during the incident. 
The trial court overruled the objection.

 Evidence is relevant if it has the tendency to make the action more probable or less
probable than it would be without the evidence. Tex. R. Evid. 401. Relevant evidence is
admissible unless the probative value is substantially outweighed by the danger of unfair
prejudice to the defendant. Tex. R. Evid. 403; Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex.Cr.App. 1990) (on reh'g). In overruling a Rule 403 objection, the trial court is
assumed to have applied a balancing test and determined the evidence was admissible. 
Hinojosa v. State, 995 S.W.2d 955, 957 (Tex.App.-Houston [14th Dist.] 1999, no pet.). 
Rule 403 does not require that the balancing test be performed on the record. Id. 

 The victim testified numerous times that her conduct toward appellant was motivated
by the desire to protect her young daughter from confrontation. Throughout her testimony,
her daughter was the primary consideration in avoiding agitating appellant while he was in
the apartment. We conclude that relevance of the victim's daughter's photograph was
demonstrated.

 In reviewing the trial court's Rule 403 analysis, we are convinced there was no unfair
prejudice to appellant by introduction of the photograph. It was a studio quality photograph,
small in size, of a fully clothed child. The trial court did not abuse its discretion in admitting
the photograph. Point of error two is overruled.

 By his third and final point, appellant contends the trial court erred in refusing to
allow the jury to hear testimony from Bill Tuey, an expert in the field of polygraph
examinations who, based on his experience, training, and education evidenced by his
certification in a field recognized and regulated by the same State of Texas as was
prosecuting him, would have testified to appellant's intent. We disagree. 

 The existence and results of a polygraph examination are inadmissible for all
purposes. Tennard v. State, 802 S.W.2d 678, 683 (Tex.Cr.App. 1990) (en banc), cert.
denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991), citing Nethery v. State,
692 S.W.2d 686, 700 (Tex.Cr.App. 1985) (en banc), cert. denied, 474 U.S. 1110, 106 S.Ct.
897, 88 L.Ed.2d 931 (1986). Adhering to the highest criminal court's decision, we have
held that a trial court does not err in excluding polygraph test results. See Hall v. State,
970 S.W.2d 137, 142 (Tex.App.-Amarillo 1998, pet. ref'd). 

 Appellant acknowledges our holding in Hall, but argues that the scientifically based
polygraph results would have been admissible under the confrontation clauses of the
United States and Texas Constitutions. He further argues that justice would be done by
allowing the exonerating evidence which, in the hands of a trained examiner would, "shed
the light of truth or a [sic] least break the darkness of a complaining witness's deception." 

 During voir dire examination, Tuey testified that appellant responded truthfully to
questions regarding the allegations against him during a polygraph examination that would
have exonerated him of the charges. Appellant sought to have the results introduced into
evidence. The trial court, following precedent, denied the request. As an intermediate
court of appeals, we are also obligated to follow precedent declared by a higher court until
such time as it modifies the rule that polygraph results are inadmissible for all purposes. 
Id. See also Wilson v. State, 108 S.W.3d 328, 332 (Tex.App.-Fort Worth 2003, pet. ref'd). 
We conclude the trial court did not abuse its discretion in refusing to allow Tuey to testify
to the results of appellant's polygraph examination. Point three is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.



 
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).
2. Although not artfully presented, the specific grounds of the objection are apparent
from the context to satisfy the prerequisites for preserving a complaint for appellate review
under Rule 33.1(a) of the Texas Rules of Appellate Procedure.