NO. 07-07-0164-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 20, 2007



______________________________




ANTIONE DESHAN GENTRY, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 54,585-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON MOTION TO ABATE

 Appellant Antione Deshan Gentry perfected appeal from a judgment finding him
guilty of possession of a controlled substance on his plea of guilty. The guilty plea was the
result of a plea agreement made after the trial court denied his written pretrial motion to
suppress evidence. No written order on the motion appears in the record, nor does the
docket sheet reflect denial of the motion. The only evidence in the record of the ruling is
the recitation in the trial court's certification of appellant's right to appeal that "matters were
raised by written motion filed and ruled on before trial[.]" 

 Pending before the court is appellant's motion to abate the appeal to permit the trial
court to sign a written order reflecting its ruling. Counsel has provided a letter from the trial
judge indicating his decision to deny the motion to suppress and directing preparation of
a written order by the prosecuting attorney. The letter does not appear in the record. 

 The failure to obtain a written ruling prior to trial is not fatal to appellant's right to
challenge pretrial rulings on written motions in a plea bargained case. See Salinas v.
State, No. 04-06-00427-CR, 2007 WL 595121 (Tex.App.-San Antonio February 28, 2007,
pet. ref'd). The written order appellant seeks is, in effect, the order being appealed and is
a required part of the clerk's record. See Tex. R. App. P. 25.2(a)(2)(A), 34.5(a)(5). We
grant appellant's motion, abate the appeal and remand the cause to the trial court for
execution of a written order consistent with its ruling on appellant's motion to suppress. 
The trial court shall cause the order to be included in a supplemental clerk's record to be
filed with the Clerk of this Court on or before August 10, 2007.


 Per Curiam


Do not publish.



n he arrived on the scene he heard
a lot of yelling and proceeded inside the house. He noticed that the door frame was
broken and the living room was in shambles. He described appellant as being in a rage
and observed him attempting to assault Amy as appellant's two female friends were trying
to get between them. Zamora directed appellant to stop and place his hands behind his
back. He complied and was handcuffed and escorted to the patrol car. 

 Appellant was indicted for burglary of a habitation for entering the residence of
Jimmy Rojas without his consent and with intent to commit an assault against him. 
Appellant does not dispute that the evidence established he entered Jimmy's home without
consent or that he assaulted him. Rather, he argues he was entitled to an instruction on
the lesser-included offense because the evidence did not show he intended to assault
Jimmy, but instead established that he traveled to Hereford to see Amy and confront her
about being at Jimmy's residence. Thus, he contends the trial court erred in refusing to
instruct the jury on the lesser-included offense of criminal trespass. We disagree. 

 The decision whether to include an instruction on a lesser-included offense requires
a two-step analysis. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Cr.App. 1993), cert.
denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser-included
offense must be included within the proof necessary to establish the offense charged, and
second, there must be some evidence that would permit a rational jury to find that if the
defendant is guilty, he is guilty only of the lesser offense. Id.; see also Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981).

 Burglary of a habitation occurs when a person, without the effective consent of the
owner, enters a habitation with intent to commit felony, theft, or assault. Tex. Pen. Code
Ann. § 30.02(a)(1) (Vernon 2003). A person commits criminal trespass if he enters or
remains on or in property of another without effective consent and had notice that the entry
was forbidden or received notice to depart but failed to do so. § 30.05(a). Criminal
trespass is a lesser-included offense of burglary. See Day v. State, 532 S.W.2d 302, 306
(Tex.Cr.App. 1975); see also Wyble v. State, 764 S.W.2d 927, 929 (Tex.App.-Amarillo
1989, pet. ref'd). Thus, the first prong of Rousseau is satisfied. 

 In order to meet the second prong of the Rosseau analysis, there must be some
evidence in the record that appellant is only guilty of criminal trespass. Burglary requires
intent and intent to commit an act may be inferred from the defendant's conduct and
surrounding circumstances. McGee v. State, 923 S.W.2d 605, 608 (Tex.App.-Houston
[1st Dist.] 1995, no pet.); see also Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. 1982).

 The evidence shows that appellant arrived at Jimmy's residence in an angry state
of mind and forced the front door open. Jimmy testified that when appellant entered the
house, "he started coming at [him]," made threats, and began punching him. Only after
Jimmy ran out of the house did appellant turn his attention toward Amy.

 Antonia Hernandez, one of the female friends that accompanied appellant to
Hereford on October 5 and who was dating him at the time of trial, testified for appellant. 
She claimed appellant was not upset during the drive to Hereford and thought they were
going there to meet Amy. She also testified that she did not notice Jimmy's door was
broken when she entered the residence during the altercation. Officer Zamora testified
that when he questioned Antonia about the incident she was cooperative until he asked
questions about the damage to Jimmy's front door. 

 Considering appellant's conduct in forcing open the door to Jimmy's residence and
immediately approaching him while making threats, and the circumstances surrounding the
relationships between Jimmy and Amy and Amy and appellant, the jury could infer that
appellant intended to assault Jimmy. Furthermore, there is no evidence to indicate that
appellant was only guilty of the lesser-included offense of criminal trespass. Thus,
appellant did not satisfy the second prong of Rosseau and the trial court did not err in
refusing to instruct the jury on the lesser-included offense. Appellant's sole issue is
overruled. 

 Accordingly, the judgment of the trial court is affirmed. 

 Don H. Reavis

 Justice


 

Do not publish.